*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRIAN P. CARRIER,

        Defendant-Appellant.

UNPUBLISHED
May 7, 2020

No. 345945
Kent Circuit Court
LC No. 15-003801-FC

Before: MARKEY, P.J., and JANSEN and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the trial court's order denying his motion for post-appeal relief under Subchapter 6.500 of the Michigan Rules of Court. The trial court found that defendant failed to establish "good cause" to revisit his plea-based conviction that was entered a few years earlier. We affirm.

In September 2015, defendant pleaded guilty to first-degree criminal sexual conduct, MCL 750.520b(1)(a) (sexual penetration involving victim under the age of 13), and the trial court sentenced defendant to 25 to 40 years' imprisonment. At the plea hearing, there was no mention that defendant would have to be registered as a sex offender for the rest of his life. In *People v Fonville*, 291 Mich App 363, 392; 804 NW2d 878 (2011), this Court stated that "[t]he failure to inform a pleading defendant that the plea will necessarily require registration as a sex offender affects whether the plea was knowingly made." At the sentencing hearing, there was also no reference to lifetime registration as a sex offender. But the judgment of sentence did provide, "HIV testing and sex offender registration is completed." The sentence also included a provision for lifetime electronic monitoring. At the sentencing hearing on November 10, 2015, the trial court informed defendant as follows:

---

[1] *People v Carrier*, unpublished order of the Court of Appeals, entered December 20, 2018 (Docket No. 345945). Judge Sawyer voted to deny leave.

And if you wish to ask the Court of Appeals to allow you to appeal this matter, and/or if you wish the appointment of a lawyer to help you do so, Mr. Carrier, fill out that purple form that's just been handed to you and file it with the court not later than 42 days from today's date, okay, sir?

Seven months later, on June 20, 2016, defendant, who had not appealed his conviction or sentence, filed a pro per motion for transcripts and documents to aid him in pursuing postconviction remedies. Defendant explained in the motion:

When this [c]ourt imposed sentence, [d]efendant did not pursue an appellate review because his appeal forms were lost/damage[d] and locating legal assistance while incarcerated is not an easy event to achieve.

Subsequently, defendant filed a motion under MCR 6.500 *et seq.,* seeking relief from judgment. Defendant maintained that his plea was not understanding and voluntary because he was never "advised that he would still be required to register as a sex offender for the rest of his life even after serving at least 25 years in prison." Defendant therefore sought to withdraw his guilty plea. He submitted a supporting affidavit, averring that his attorney never informed him that he would have to register as a sex offender for the rest of his life, that defendant was unaware of this consequence of the plea, and that he would not have accepted the plea bargain had he known of the registration requirement. Defendant further averred that, "[a]fter sentencing, my trial attorney told me that I had no grounds to withdraw my plea or otherwise appeal my conviction and sentence." In the motion, defendant argued that he had "good cause" for not previously raising the issue where his trial counsel did not tell him that the plea was defective or that he had grounds to withdraw the plea. Defendant additionally contended that he suffered actual prejudice.[2] The trial court denied the motion in a written opinion and order, concluding that defendant had not shown good cause for failing to appeal his conviction and raise the issue regarding sex offender registration and plea withdrawal.

On appeal, defendant argues that his plea was defective because he was not advised that he would need to register as a sex offender for the rest of his life, that he was entitled to an evidentiary hearing in order to establish good cause and prejudice, and that the trial court erred by finding that defendant had not shown good cause.

We review for an abuse of discretion a trial court's decision to grant or deny a motion for relief from judgment brought under MCR 6.502. *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id.* "A mere difference in judicial opinion does not establish an abuse of discretion." *Id.* The trial court's underlying factual findings are reviewed for clear error. *Id.* at 565. A finding is clearly erroneous when this Court, on review, is left with a firm and definite conviction that the trial court made a mistake. *Id.*

---

[2] In a second affidavit, defendant averred that he did not register himself as a sex offender, that it was his belief that the MDOC completed the registration, and that he first learned that he would have to register as a sex offender for life when he did legal research in prison.

MCR 6.310(C) provides, in relevant part, as follows:

>    (1) The defendant may file a motion to withdraw the plea within 6 months after sentence or within the time provided by subrule (C)(2).

>    (2) If 6 months have elapsed since sentencing, the defendant may file a motion to withdraw the plea if: . . . . [none of the provisions are applicable]

>    (3) Thereafter, the defendant may seek relief only in accordance with the procedure set forth in subchapter 6.500.

Accordingly, defendant proceeded under MCR 6.500 *et seq.*, in moving for relief from the judgment of sentence. MCR 6.508(D) provides, in pertinent part, that a court is not permitted to grant relief to a defendant if his or her motion:

>    (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

>    (a) good cause for failure to raise such grounds on appeal or in the prior motion,[3] and

>    (b) actual prejudice from the alleged irregularities that support the claim for relief. . . . .

In *Johnson*, 502 Mich at 565, our Supreme Court explained that "MCR 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion alleges grounds for relief that could have been previously raised, unless the defendant demonstrates both good cause for failing to raise such grounds earlier as well as actual prejudice." We note that "MCR 6.508 protects unremedied manifest injustice, preserves professional independence, conserves judicial resources, and enhances the finality of judgments." *People v Reed*, 449 Mich 375, 378-379; 535 NW2d 496 (1995).

"Good cause" under MCR 6.508(D)(3) can be "established by proving ineffective assistance of appellate counsel . . . or by showing that some external factor prevented counsel from previously raising the issue." *Reed*, 449 Mich at 378. In the instant case, defendant attempted to establish good cause on the basis of ineffective assistance of *trial* counsel because defendant never even pursued an appeal through counsel or otherwise—there was no appellate counsel. The issue concerning defendant's lifetime registration as a sex offender and whether his purported lack of

---

[3] "The court may waive the 'good cause' requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime." MCR 6.508(D)(3). The trial court found that no such possibility existed in this case.

knowledge of the requirement could serve as the basis to withdraw the guilty plea "could have been raised on appeal from the conviction and sentence," MCR 6.508(D)(3). Although defendant now lays the blame for not filing an appeal on trial counsel for not making defendant aware of the alleged plea defect, defendant's pro per motion for transcripts and documents asserted that no appeal was filed because the appeal forms, which were handed directly to him at sentencing, were lost or damaged and he could not locate an attorney.[4] This excuse does not rise to the level of good cause: defendant could have asked for new forms regarding an appeal and appointment of an appellate attorney, assuming that there was any truth in defendant's claim that the forms were lost or damaged. Moreover, defendant was effectively advised that he would be subject to lifetime electronic monitoring, and the judgment of sentence indicated that sex offender registration had been completed. We cannot conclude that trial counsel was ineffective for not clarifying for defendant that the sex offender registration requirement was permanent. And even assuming counsel was ineffective, we note that the sex offender registration requirement set forth in the judgment of sentence was sufficient to trigger further inquiry by defendant if he actually had a concern about the length of time he would have to be registered as a sex offender. We cannot conclude that the trial court clearly erred by determining that there was no good cause for defendant's failure to raise the issue in an appeal following conviction and sentencing. Nor did the trial court abuse its discretion by denying defendant's motion for relief from the judgment of sentence.

We affirm.

/s/ Jane E. Markey
/s/ Mark T. Boonstra

---

[4] Defendant cannot have it both ways.